THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOSEPH F. CORREA, Defendant.

County Court, Queens County, June 21, 1943.

*Charles P. Sullivan, District Attorney* (*Stephen Frontera* of counsel), for plaintiff.

*Asher Zeide* for defendant.

DOWNS, J. This is a motion to rescind the forfeiture of a bond of The National Surety Corporation, dated April 29, 1943, which bond was forfeited on May 3, 1943, in the Court of Special Sessions, County of Queens, City of New York.

Defendant was held to answer an information in the Court of Special Sessions in the County of Queens on a charge of impairing the morals of a minor. The matter was adjourned from time to time and appeared on the calendar of April 29, 1943. On that date, the defendant failed to appear to answer the charge because of the fact that he was appearing on the same day for induction into the United States Army. On that day, however, his attorney did appear in court. The defendant was apprehended on that day and released on bail to appear on May 3, 1943, and on this latter date the attorney for the defendant filed an affidavit on the call of the calendar that he would be

actually engaged in the Appellate Term. The court refused to adjourn the matter, and the bond was forfeited on May 3, 1943.

The defendant had been inducted into the United States Army on April 29, 1943, and received his furlough, and was ordered to report at Camp Upton on active duty on May 6, 1943. Although it appears that the defendant resorted to every subterfuge to avoid going to trial, it is the opinion of this court, however, that he cannot be punished for this evasion under the present condition of our law.

I have read the case of *Bartchy* v. *United States* (319 U. S. 484), recently decided by the United States Supreme Court, as well as the case of *Boone* v. *Lightner*, also decided June 7, 1943, by the United States Supreme Court (319 U. S. 561). The latter case construes the Soldiers' and Sailors' Civil Relief Act (U. S. Code, tit. 50, Appendix, § 501 *et seq.*) and although the court indicates its position that the Act cannot be resorted to in order to avoid liability where it is possible for the soldier by the mere application for a leave to be present when the court is taking its normal progress at a point other than the point at which the soldier is serving, again I repeat the Act cannot be used as a subterfuge to avoid legal responsibility.

However, in the case at bar, in addition to considering the Soldiers' and Sailors' Civil Relief Act [U. S. Code, tit. 50, Appendix, § 513, subd. (3)], I must also consider section 593 of the Code of Criminal Procedure, as amended, effective April 21, 1943. The reading of this section is much more drastic than the section of the Soldiers' and Sailors' Civil Relief Act previously referred to, and I have also taken into consideration sections 739 and 847 of the Code of Criminal Procedure, also amended, effective on April 21, 1943 (L. 1943, ch. 667). It is clearly indicated, especially in section 593, that " the fact that the defendant is a member of the armed forces of the United States shall in itself be sufficient excuse for his neglect to appear or surrender as required, and in that event no forfeiture of the undertaking or deposit shall occur."

There can be no doubt under the law that this defendant, having been actually inducted into service on April 29, 1943, and given his customary seven-day leave to report on May 6, 1943, for active duty, was a member of the armed forces of the United States at that time and was simply on furlough.

Under the foregoing circumstances, the court is of the opinion that the motion herein to rescind the forfeiture of bail should be granted. The motion is granted. Submit order.